OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In this mortgage foreclosure action brought by plaintiff (to which the City was a party, and filed a notice of appearance and waiver), the City moved to vacate the judgment of foreclosure and sale dated January 12, 1983, in favor of plaintiff, as mortgagee, involving a parcel of land in The Bronx. The City in its motion to vacate urged that in July 1984 it had acquired a tax deed to that same parcel. While the City’s motion initially was granted on default, upon reargument Special Term reinstated plaintiff’s judgment, concluding that the City’s tax foreclosure judgment came later; that plaintiff had not received adequate notice of the City’s proceeding; that plaintiff had a pending application to redeem; and that the City would suffer no prejudice if its motion were denied, since plaintiff’s sale of the parcel would in any event be subject to the City’s tax liens. A divided Appellate Division affirmed, noting particularly that the City failed to show that it will be prejudiced if the foreclosure sale goes forward, given that this sale is subject to the City’s tax liens, and that the City had established no ground warranting relief from the foreclosure judgment under CPLR 5015 (a). Recognizing that relief from a judgment is necessarily discretionary under CPLR 5015 (a), the City urges that its motion to vacate was instead premised on Supreme Court’s inherent power to vacate a judgment in the interest of justice, or its broad equity powers. Whether under CPLR 5015 (a), or as a matter of interest of justice or equity jurisdiction, it is plain from the decisions below that both lower courts rested their conclusions on an exercise of discretion.
 

 
 *833
 
 The Appellate Division is, of course, vested with the same power and discretion as Special Term, and can review a determination for abuse of discretion or substitute its own discretion, which is then reviewable by us only for abuse of discretion as a matter of law
 
 (Brady v Ottaway Newspapers,
 
 63 NY2d 1031). No abuse of discretion is claimed by the City.
 

 Thus, the only issue presented by the question certified to us was whether the Appellate Division had the power to award the relief it did. We conclude that the Appellate Division had that power, we answer the certified question in the affirmative, and we pass on no other issue
 
 (see, Serenity Homes v Town Bd.,
 
 37 NY2d 841).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs, and certified question answered in the affirmative in a memorandum.