■ SUSANA MARTINEZ, Appellant, v OTIS ELEVATOR CO., Respondent. [624 NYS2d 43] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), dated September 23, 1993, which denied her motion to vacate a default judgment.

Ordered that the order is affirmed, with costs.

A judgment of dismissal based on default was entered against the plaintiff when she failed to appear at a scheduled trial readiness conference. In order to vacate this judgment, the plaintiff had to proffer evidence not only that she had a reasonable excuse for her default, but also that she had a meritorious cause of action (*see,* CPLR 5015 [a] [1]; *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831; *Barasch v Micucci,* 49 NY2d 594; *Tandy Computer Leasing v Video X Home Lib.,* 124 AD2d 530; *Oversby v Linde Div.,* 121 AD2d 373; *De Vito v Marine Midland Bank,* 100 AD2d 530). The granting of such relief is in the discretion of the court (*see, Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, supra; Barasch v Micucci, supra*). Here, the court did not

improvidently exercise its discretion by denying the plaintiff's motion to vacate the default.

Not only does the record reveal an overall lack of diligence by the plaintiff in prosecuting her claim (the alleged incident now having occurred over six years ago), but also, the only relevant excuse offered by the plaintiff for her failure to appear at the scheduled conference was her "understanding" that an adjournment would be granted without the necessity of her appearance. However, not only was this belief unsupported by any factual basis and uncommunicated either to the court or opposing counsel, but also, it was belied by previous events in the action *(e.g.,* a prior default judgment, later vacated, based on the plaintiff's failure to appear at a previous conference). Thus, this excuse cannot be deemed reasonable. Moreover, the plaintiff failed to proffer any evidence that the defendant had either actual or constructive knowledge of the alleged condition giving rise to the injuries complained of *(see, O'Neill v Mildac Props.,* 162 AD2d 441; *Altman v Broadway Realty Co.,* 101 AD2d 83). Thus, the plaintiff failed to proffer sufficient evidence of the merit of her underlying claim *(see, Barasch v Micucci, supra; Tandy Computer Leasing v Video X Home Lib., supra).* Accordingly, the plaintiff's motion to vacate the default was properly denied. O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.