■ EDWARD McNEIL, Respondent, v HAROLD MILSTEIN et al., Appellants, et al., Defendant. [659 NYS2d 789] —In an action, *inter alia*, to recover damages for medical malpractice, (1) the defendant Brookdale Hospital Medical Center and the defendants Harold Milstein, Stephen Wagner, M.D., P. C., Stephen Wagner, and Carlton Warner separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated October 24, 1995, as granted that branch of the plaintiff's motion which was to vacate an order of the same court dated September 12, 1994, which dismissed the complaint on the ground that the plaintiff failed to appear for a preliminary conference, and (2) the defendants Harold Milstein, Stephen Wagner, M.D., P. C., Stephen Wagner, and Carlton Warner appeal from an order of the same court, dated October 3, 1996, which granted the plaintiff's motion to extend the time to complete discovery for six months and denied their cross motion to dismiss the complaint for failure to complete discovery.

Ordered that the order dated October 24, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 3, 1996, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellants appearing separately and filing separate briefs.

In order to vacate the order dated September 12, 1994, which dismissed the complaint, the plaintiff had to proffer evidence of a reasonable excuse for the default and a meritorious cause of action (*Martinez v Otis El. Co.*, 213 AD2d 523; *see,* CPLR 5015 [a] [1]; *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831; *Brown v Ryder Truck Rental,* 172 AD2d 477). The decision as to whether to grant such relief is within the discretion of the court (*Martinez v Otis El. Co., supra*). In the instant case, the plaintiff demonstrated a reasonable excuse for the default and a meritorious cause of action, and therefore, in its order dated October 24, 1995, the Supreme Court did not improvidently exercise its discretion by granting that branch of the plaintiff's motion which was to vacate the order dated September 12, 1994 (*see, Lanc v Donnelly,* 184 AD2d 840). Similarly, the court did not improvidently exercise its discretion in its order dated October 3, 1996, by granting the plaintiff's subsequent motion to extend by six months the time to complete discovery. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.