■ SEVEN ACRE WOOD STREET ASSOCIATES, INC., Appellant, v JAMES WOOD et al., Respondents. [729 NYS2d 893] —In an action, *inter alia*, to permanently enjoin the defendants from continuing to divert storm runoff water onto the plaintiff's property by artificial means, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 27, 2000, which denied its motion pursuant to CPLR 5015 and 2005 to vacate an order of the same court, dated December 15, 1998, dismissing the complaint pursuant to 22 NYCRR 202.27 (b) upon the failure of its attorney to appear for a conference.

Ordered that the order is affirmed, with costs.

To vacate the order dismissing the complaint, the plaintiff had to proffer a reasonable excuse for its default and establish the existence of a meritorious cause of action (*see,* CPLR 5015 [a] [1]; *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831; *McNeil v Milstein,* 240 AD2d 549; *Martinez v Otis El. Co.,* 213 AD2d 523). The Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the default (*see, Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, supra*). The record reveals an overall lack of diligence by the plaintiff in prosecuting its claim, a pattern of willful default, and neglect. Moreover, no reasonable excuse was offered for the lengthy delay in bringing the motion to vacate the default (*see, Yepez v Damico,* 239 AD2d 412; *Roussodimou v Zafiriadis,* 238 AD2d 568; *Martinez v Otis El. Co., supra; Gannon v Johnson Scale Co.,* 189 AD2d 1052). Furthermore, the plaintiff failed to proffer sufficient evidence of the merit of its underlying claims. Ritter, J. P., Friedmann, Luciano and Smith, JJ., concur.