■ FRANCES PASSAS, Respondent, v ANTHONY PASSAS, Appellant. [796 NYS2d 649]—

In a matrimonial action in which the parties were divorced by judgment entered December 7, 1988, the defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated September 30, 2003, which, after a hearing determining that the court properly obtained personal jurisdiction over him, denied his motion to vacate the judgment of divorce.

Ordered that the order is affirmed, with costs.

Although this Court has a liberal policy with respect to vacating defaults in matrimonial actions (*see Viner v Viner,* 291 AD2d 398 [2002]), it is still within the Supreme Court's discretion to determine whether a default should be vacated (*see Black v Black,* 141 AD2d 689 [1988]).

Here, the defendant failed to provide an acceptable reason for his default, failed to establish a meritorious defense to the divorce, and waited nearly 14 years after the judgment of divorce was awarded before seeking to vacate it (*see Black v Black, supra*). The evidence submitted at the hearing demonstrated that the defendant was personally served with a summons and complaint and that personal jurisdiction was obtained over him in the divorce action. Therefore, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the judgment of divorce (*see Black v Black, supra*).

The defendant's remaining contentions are without merit. Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.