■ ANA MARIA RODRIGUEZ et al., Respondents, v FRANK H. NG et al., Appellants. [805 NYS2d 570]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Golia, J.), dated November 12, 2004, which granted the plaintiffs' motion, in effect, to vacate a judgment entered March 29, 2004, upon their failure to oppose the defendants' motion, inter alia, to dismiss the complaint for failure to comply with discovery demands.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment entered March 29, 2004, is reinstated.

A judgment of dismissal based upon default was entered against the plaintiffs when they failed to oppose the defendants' motion, inter alia, to dismiss the complaint for failure to comply with discovery requests. To vacate the judgment dismissing the complaint, the plaintiffs were required to proffer a reasonable excuse for their default and establish the existence of a meritorious cause of action (see CPLR 5015 [a] [1]; *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities*, 70 NY2d 831 [1987]; *Seven Acre Wood St. Assoc. v Wood*, 286 AD2d 432 [2001]; *McNeil v Milstein*, 240 AD2d 549 [1997]). The record reveals an overall lack of diligence by the plaintiffs in responding to discovery demands and that the return date on the motion had been twice adjourned at their request. The plaintiffs' only excuse, that their counsel erroneously believed that a preliminary conference order issued a week prior to the return date of the motion obviated the need to oppose the defendants' motion, had no factual basis in the record and, in any event, did not constitute a valid excuse for their default (see *Everything Yogurt v Toscano*, 232 AD2d 604 [1996]; *Martinez v Otis El. Co.*, 213 AD2d 523 [1995]; *Clarke v New Rochelle Hosp. Med. Ctr.*, 149 AD2d 559 [1989]; *Awad v Severino*, 122 AD2d 242 [1986]). Furthermore, the plaintiffs failed to establish a meritorious cause of action (see *Cunningham v Diers*, 14 AD3d 528 [2005]; *Uddin v Mirza*, 10 AD3d 722 [2004]; *LaMacchia v Rogers*, 8 AD3d 346 [2004]). Accordingly, the plaintiffs' motion to vacate their default should have been denied. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.