■ In the Matter of VICTORIA LUTZ, Respondent, v BRUCE H. GOLDSTONE, Appellant. (Appeal Nos. 1 and 3.) In the Matter of VICTORIA LUTZ, Petitioner, v BRUCE H. GOLDSTONE, Appellant. WILLIAM SLYE, Nonparty Respondent. (Appeal No. 2.) [819 NYS2d 66]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Davidson, J.), entered January 7, 2005, which denied his objections to an order of the same court (Furman, H.E.) entered November 3, 2003, denying that branch of his motion which was to vacate his default in appearing at a hearing on the mother's petition, inter alia, to compel him to contribute to the college expenses of the parties' son Scott, (2) an order of the same court (Davidson, J.) entered May 16, 2005,

which denied his objections to an order of the same court (Furman, H.E.) dated September 30, 2003, and which granted the motion of nonparty respondent William Slye, inter alia, to quash the subpoenas served upon him, and for an award of an attorney's fee in the sum of $1,500, and (3) an order of the same court (Furman, H.E.) dated February 23, 2005.

Ordered that the appeal from the order dated February 23, 2005 is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order entered January 7, 2005 is affirmed; and it is further,

Ordered that the order entered May 16, 2005 is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order dated September 30, 2003, as granted that branch of the motion of the nonparty respondent, William Slye, which was for an award of an attorney's fee in the sum of $1,500, and substituting therefor a provision sustaining that objection; as so modified, the order is affirmed, that branch of the motion of the nonparty respondent, William Slye, which was for an award of an attorney's fee is denied, and the order dated September 30, 2003 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the mother.

"An appellant seeking to vacate a default must establish a reasonable excuse for the default, as well as a meritorious defense to the proceeding" (*Matter of Michael William O.,* 16 AD3d 511, 511 [2005]). "Although this Court has a liberal policy with respect to vacating defaults in matrimonial actions . . . , it is still within the [Family] Court's discretion to determine whether a default should be vacated" (*Passas v Passas,* 18 AD3d 842, 842 [2005]).

Here, the father, who is an attorney, failed to establish a reasonable excuse for his default based on his claim that an unidentified court employee told him to call the court instead of appearing for the scheduled hearing in order to obtain an adjournment (*see Martinez v Otis El. Co.,* 213 AD2d 523 [1995]; *Morris v Metropolitan Transp. Auth.,* 191 AD2d 682 [1993]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the father sufficiently demonstrated a meritorious defense. Accordingly, the Family Court providently exercised its discretion in denying that branch of the father's motion which was to vacate his default.

Additionally, the Family Court properly granted that branch of the motion of nonparty respondent, William Slye, which was

to quash the subpoenas served upon him by the father, since the father failed to show that the information sought was relevant, or that circumstances existed warranting discovery from a nonparty witness (*see* CPLR 3101 [a] [4]).

However, that branch of Slye's motion which was for an award of an attorney's fee from the father should have been denied, as Slye was not a party to the child support proceeding (*see* Family Ct Act § 438 [a]). Florio, J.P., Miller, Ritter and Goldstein, JJ., concur.