■ DIGNA MARRERO et al., Appellants, v CRYSTAL NAILS, Also Known as NAIL ART, et al., Respondents. [909 NYS2d 136]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 30, 2009, which denied their motion to vacate an order of the same court entered November 14, 2007, dismissing the complaint upon, inter alia, their failure to appear at a compliance conference, and to restore the action, and (2) so much of an order of the same court entered December 24, 2009, as, in effect, denied that branch of their motion which was for leave to renew.

Ordered that the order entered June 30, 2009, is affirmed; and it is further,

Ordered that the order entered December 24, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The action was dismissed when, inter alia, the plaintiffs failed to appear at a compliance conference held on September 11, 2007 (see 22 NYCRR 202.27 [b]). To be relieved of the default in appearing at that conference, the plaintiffs were required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action (see CPLR 5015 [a] [1]; *Chechen v Spencer*, 68 AD3d 801, 802 [2009]; *Barnave v United Ambulette, Inc.*, 66 AD3d 620 [2009]; *Brownfield v Ferris*, 49 AD3d 790, 791 [2008]). The excuse proffered by the plaintiffs' attorney, that he thought the conference date had been adjourned by the Supreme Court, did not constitute a reasonable excuse under the circumstances of this case (see *Matter of Lutz v Goldstone*, 31 AD3d 449 [2006]; *Martinez v Otis El. Co.*, 213 AD2d 523, 524 [1995]; *Morris v Metropolitan Transp. Auth.*, 191 AD2d 682 [1993]). Not only does the record reveal an overall lack of diligence by the plaintiffs in prosecuting their claims and in responding to discovery demands, but also a failure to demonstrate a reasonable excuse for the lengthy delay in bringing the motion to vacate the order dated November 14, 2007 (see *Brown v Vanchieri*, 64 AD3d 678 [2009]; *Rodriguez v Ng*, 23 AD3d 450, 451 [2005]; *Seven Acre Wood St. Assoc. v Wood*, 286 AD2d 432 [2001]; *Piacentini v Mineola Union Free School Dist.*, 267 AD2d 290, 291 [1999]; *Martinez v Otis El. Co.*, 213 AD2d at 524). Accordingly, the plaintiffs' motion to vacate that order and to restore the action was properly denied.

A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e]; *Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]). Here, the new facts submitted in support of that branch of the plaintiffs' motion which was for leave to renew were not sufficient to change the prior determination denying their motion to vacate the order and to restore the action. In addition, the plaintiffs did not demonstrate a reasonable justification for their failure to include those facts, which were then available to them, in their original motion (see *Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc.*, 71 AD3d 628, 629 [2010]). Accordingly, the Supreme Court properly, in effect, denied that branch of the plaintiffs' motion which was for leave to renew. Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.