OPINION OF THE COURT
Dickerson, J.
Introduction
CPLR 205 (a) provides that when an action is dismissed on grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or a final judgment on the merits, the plaintiff may bring a new action within six months of the dismissal, even though the action would otherwise be barred by the statute of limitations. In 2008, the legislature amended CPLR 205 (a) to add a requirement that “[w]here a dismissal is one for neglect to prosecute the action made pursuant to [CPLR 3216] or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation” (CPLR 205 [a], as amended by L 2008, ch 156, § 1).
On this appeal, we must determine whether a prior action commenced by the plaintiffs was indeed dismissed for neglect to prosecute, a category of dismissal that precludes recommencement in accordance with the saving provision of CPLR 205 (a), and, if so, whether retroactive effect must be given to the 2008 amendment requiring that the record specify the conduct constituting the neglect and that the conduct involved a general pattern of delay in order to fall within that exception to the saving provision of CPLR 205 (a).
For the reasons which follow, we conclude that the prior action commenced by the plaintiffs was dismissed for failure to prosecute. We further conclude that the 2008 amendment to CPLR 205 (a) is not to be applied retroactively and, thus, the plaintiffs may not avail themselves of the saving provision of CPLR 205 (a) regardless of whether the Supreme Court set forth in the record the specific conduct constituting the plaintiffs’ neglect to prosecute or evidence that the plaintiffs were engaged in a general pattern of delay. Accordingly, the Supreme Court properly granted the separate motions of the *104 defendants Crystal Nails, also known as Nail Art, and Anna Limb (hereinafter together the Crystal Nails defendants) and the defendants Anthony R. Spencer and Spencer Construction Corp. (hereinafter together the Spencer defendants) pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them as time-barred, and properly denied, as academic, the plaintiffs’ cross motion pursuant to CPLR 306-b to extend the time to serve copies of the summons and complaint.
Factual and Procedural Background
On February 7, 2003, the plaintiff Digna Marrero allegedly fell on an icy patch outside of a business operated by the Crystal Nails defendants, which was located in a building owned and maintained by the Spencer defendants. In March 2005, the plaintiffs commenced an action (hereinafter the prior action) against the defendants based on the incident. Digna Marrero asserted a cause of action to recover damages for negligence and her husband, Edward Marrero, asserted a derivative cause of action to recover damages for loss of services.
In a preliminary conference order dated April 26, 2007, the Supreme Court set forth a schedule for the parties to exchange discovery and other documents. As relevant to this appeal, the court directed the plaintiffs to provide bills of particulars and witness identification information, photographs, and party statements no later than May 25, 2007. In a compliance conference scheduling order dated May 16, 2007, the Supreme Court scheduled a conference for September 11, 2007, at which the parties were to appear and report on “the progress of discovery” so that “[settlement possibilities” could “be explored” and the deadline for filing the Note of Issue” could “be set.” The plaintiffs failed to appear at the conference scheduled for September 11, 2007. In an order entered October 30, 2007, the Supreme Court denied, as academic, the defendants’ separate motions to preclude the plaintiffs from adducing any evidence at trial, explaining that “[o]n September 11, 2007, defense counsel appeared for a conference. Neither plaintiffs nor their counsel appeared. At the conference, the court directed counsel to settle orders of dismissal based on plaintiffs’ failure to appear and failure to furnish a bill of particulars and discovery.”
The parties agree that, on November 14, 2007, the Supreme Court dismissed the prior action. Almost one year later, the plaintiffs moved to vacate the dismissal and restore the prior action to the pre-note of issue calendar. In an order entered *105 June 30, 2009, the Supreme Court denied that motion. The plaintiffs thereafter moved for leave to renew and reargue their motion to vacate the dismissal and restore the prior action to the pre-note-of-issue calendar. In an order entered December 24, 2009, the Supreme Court, inter alia, in effect, denied that branch of the plaintiffs’ motion which was for leave to renew.
The plaintiffs appealed from the order entered June 30, 2009, denying their motion to vacate the dismissal and restore the prior action to the pre-note of issue calendar, and from so much of the order entered December 24, 2009, as, in effect, denied that branch of their motion which was for leave to renew. In a decision and order dated October 19, 2010, this Court affirmed the order entered June 30, 2009, and affirmed the order entered December 24, 2009, insofar as appealed from (see Marrero v Crystal Nails, 77 AD3d 798 [2010]). With respect to the appeal from the order denying the plaintiffs’ motion to vacate and restore, we concluded that “[n]ot only does the record reveal an overall lack of diligence by the plaintiffs in prosecuting their claims and in responding to discovery demands, but also a failure to demonstrate a reasonable excuse for the lengthy delay in bringing the motion to vacate” the dismissal (id. at 799). Accordingly, this Court concluded that the Supreme Court properly denied the plaintiffs’ motion to vacate the dismissal and restore the prior action to the pre-note of issue calendar (see id.). With respect to the appeal from so much of the order entered December 24, 2009, as, in effect, denied that branch of the plaintiffs’ motion which was for leave to renew, this Court determined that the facts proffered by the plaintiffs in support of that branch of their motion were not sufficient to change the prior determination, and that the plaintiffs failed to demonstrate a reasonable justification for their failure to advance those facts, which were available to them, in support of the original motion (see id.). Thus, this Court concluded that the Supreme Court properly, in effect, denied that branch of the plaintiffs’ motion which was for leave to renew (see id.).
Subsequently, the plaintiffs commenced the instant action by the filing of a summons and complaint dated April 8, 2011. Digna Marrero again asserted a cause of action to recover damages for negligence, and Edward Marrero again asserted a derivative cause of action to recover damages for loss of services. It is undisputed that this action is based on the same incident, and seeks damages under the same theories, as the prior action.
The Spencer defendants thereafter moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint in the instant action *106 insofar as asserted against them on two grounds. First, the Spencer defendants contended that the plaintiffs’ claims were barred by the doctrine of res judicata because the prior action, which sought the same relief under the same theories as the instant action, was dismissed by the Supreme Court, and that determination was affirmed by this Court. Second, the Spencer defendants asserted that the plaintiffs’ claims were now time-barred, as the summons and complaint in this action were filed more than eight years after the incident complained of, well beyond the three-year limitations period applicable to negligence causes of action (see CPLR 214 [5]).
The Crystal Nails defendants separately moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint in the instant action insofar as asserted against them. The Crystal Nails defendants also asserted that this action was time-barred, as it was commenced more than three years after the date of the incident. Additionally, the Crystal Nails defendants contended that CPLR 205 (a) did not apply to the instant action. Specifically, the Crystal Nails defendants argued that the saving provision of that section was inapplicable since the prior action had been dismissed for neglect to prosecute. In the alternative, the Crystal Nails defendants maintained that the plaintiffs failed to recommence the action within six months after the dismissal of the prior action, and failed to serve the defendants “within such six-month period,” as required by CPLR 205 (a).
The plaintiffs opposed the defendants’ separate motions, and cross-moved pursuant to CPLR 306-b to extend their time to serve copies of the summons and complaint upon the defendants. The plaintiffs first asserted that, as a result of the 2008 amendment to CPLR 205 (a), the exclusion of actions dismissed for neglect to prosecute from the saving provision of that section only arises where the Supreme Court has set forth, on the record, the specific conduct constituting the neglect, demonstrating a general pattern of delay. The plaintiffs asserted that the Supreme Court had failed to do so here, and that they had not engaged in a general pattern of delay in any event. The plaintiffs contended that, as a consequence, they were entitled to the benefit of the six-month revival period of CPLR 205 (a), and that the instant action was, thus, not time-barred. According to the plaintiffs, in the instant action, the six-month period set forth in CPLR 205 (a) ran from October 19, 2010, the date of this Court’s decision and order, when their appeals as of right were exhausted. The plaintiffs further asserted that this action *107 was not barred by the doctrine of res judicata, as no court had passed on the merits of their claims. Furthermore, the plaintiffs asserted that, pursuant to CPLR 306-b, the Supreme Court had the authority to extend their time to serve copies of the summons and complaint upon a showing of good cause or in the interest of justice. The plaintiffs asserted that the defendants had not been prejudiced by any lateness in service, and emphasized the strong public policy favoring resolution of matters on their merits.
The Crystal Nails defendants opposed the plaintiffs’ cross motion, asserting that the Supreme Court set forth the grounds for dismissal based on neglect to prosecute in the order entered June 30, 2009, and, therefore, the plaintiffs could not avail themselves of the saving provision of CPLR 205 (a). The Crystal Nails defendants further asserted that, even if the plaintiff could revive this action pursuant to CPLR 205 (a) in theory, they failed to comply with the requirements of that section, as the plaintiffs failed to serve copies of the summons and complaint within six months after this Court’s decision and order dated October 19, 2010. The Spencer defendants also opposed the plaintiffs’ cross motion, largely on the same grounds as those raised by the Crystal Nails defendants.
The Order Appealed From
In an order entered February 8, 2012, the Supreme Court granted the separate motions of the Crystal Nails defendants and the Spencer defendants pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them on the ground that the recommenced action was time-barred, and denied, as academic, the plaintiffs’ cross motion pursuant to CPLR 306-b to extend the time to serve copies of the summons and complaint. The court determined that the dismissal of the prior action resulted from the plaintiffs’ failure to appear for a conference, to provide a bill of particulars, and to provide discovery as directed by a preliminary conference order. The court observed that these grounds were specifically noted in the order dated June 30, 2009, denying the plaintiffs’ motion to vacate the dismissal of the prior action and to restore that action to the pre-note of issue calendar. Additionally, the Supreme Court observed that this Court expressly rejected the plaintiffs’ explanation for their nonappearance, noting, “[n]ot only does the record reveal an overall lack of diligence by the plaintiffs in prosecuting their claims and in responding to discovery demands, but also a failure to demonstrate a reasonable excuse *108 for the lengthy delay in bringing the motion” to vacate the dismissal of the prior action (Marrero v Crystal Nails, 77 AD3d at 799). According to the Supreme Court, this Court’s characterization of the plaintiffs’ conduct warranted the conclusion that the prior action was dismissed for neglect to prosecute, and that the plaintiffs engaged in a general pattern of delay in proceeding with the litigation. Additionally, the Supreme Court noted that the plaintiffs failed to serve copies of the summons and complaint in the instant action upon the defendants within six months after the termination of the prior action, and, accordingly, the plaintiffs were not entitled to avail themselves of CPLR 205 (a). The court also found that the plaintiffs had failed to demonstrate any good cause for the failure to timely serve the defendants.
Discussion
CPLR 205 (a)
As a general matter, an action to recover damages for personal injuries based on negligence is subject to a three-year statute of limitations (see CPLR 214 [5]; Santana v St. Vincent Catholic Med. Ctr. of N.Y., 65 AD3d 1119, 1119 [2009]). The plaintiff Digna Marrero allegedly slipped and fell, and consequently sustained injuries, on February 7, 2003. Accordingly, under ordinary circumstances, the time within which to commence an action to recover damages for negligence based on this incident would have expired on February 7, 2006.
However, CPLR 205 (a) provides, in pertinent part, that
“[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.”
“CPLR 205 (a) is a tolling provision, which ‘serves the salutary purpose of preventing a Statute of Limitations from barring recovery where the action, at first timely commenced, *109 had been dismissed due to a technical defect which can be remedied in a new action’ ” (Hyowon Kim v Cruz, 94 AD3d 820, 821 [2012], quoting United States Fid. & Guar. Co. v Smith Co., 46 NY2d 498, 505 [1979]).
Here, the plaintiffs timely commenced the prior action in March 2005. It appears that the Supreme Court originally directed the dismissal of the prior action in open court on September 11, 2007, although no transcript of such proceedings appears in the record. In an order entered October 30, 2007, the Supreme Court recited that “[n]either plaintiffs nor their counsel appeared” at a compliance conference conducted on September 11, 2007, and further stated that “[a]t the conference, the court directed counsel to settle orders of dismissal based on plaintiffs’ failure to appear and failure to furnish a bill of particulars and discovery ” (emphasis supplied). Moreover, this Court concluded that the plaintiffs failed to diligently prosecute their claims in the prior action, failed to diligently respond to discovery, and even failed to diligently seek vacatur of their default and the ensuing dismissal of the prior action. Based on this history, we conclude that the prior action was, indeed, dismissed for neglect to prosecute. Contrary to the plaintiffs’ contention, the record demonstrates their neglect leading up to the dismissal of the complaint, as well as their subsequent delay in failing to move to vacate the dismissal. We also note in this regard that the Court of Appeals has expressly held that “dismissal of an action for failure to comply with discovery orders is a dismissal ‘for neglect to prosecute the action’ within the meaning of CPLR 205 (a)” (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 518 [2005]).
The plaintiffs emphasize that in the order entered November 14, 2007, which dismissed the prior action, the Supreme Court stated that its dismissal was pursuant to 22 NYCRR 202.27. That section provides, in part,
“At any scheduled call of a calendar or at any conference, if all parties do not appear and proceed or announce their readiness to proceed immediately or subject to the engagement of counsel, the judge may note the default on the record and enter an order as follows: . . .
“If the defendant appears but the plaintiff does not, the judge may dismiss the action and may order a *110 severance of counterclaims or cross-claims” (22 NYCRR 202.27 [b]).
The plaintiffs maintain that a dismissal for failure to appear at a conference pursuant to 22 NYCRR 202.27 (b) is not tantamount to a dismissal for neglect to prosecute, and, accordingly, the neglect-to-prosecute exception to the saving provision of CPLR 205 (a) does not apply here. In Andrea, however, the Court of Appeals explained that a plaintiff may be precluded from invoking CPLR 205 (a) “whenever neglect to prosecute is in fact the basis for dismissal” (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d at 520 [emphasis added]). Accordingly, the dismissal of an action pursuant to 22 NYCRR 202.27 (b) may, under appropriate circumstances, constitute a dismissal for neglect to prosecute (see generally Community Network Serv., Inc. v Verizon N.Y., Inc., 48 AD3d 249, 250 [2008]; Perez v New York City Hous. Auth., 47 AD3d 505, 505-506 [2008]; Morris v Start, 268 AD2d 787, 788 [2000]; cf. Burns v Pace Univ., 25 AD3d 334, 335 [2006] [the dismissal of an action that is expressly premised only on a one-time failure to appear at a conference, without more, may not be characterized as a dismissal for neglect to prosecute, even if the record might reveal that the plaintiff engaged in additional conduct that could be characterized as neglect to prosecute]).
The plaintiffs’ reliance upon this Court’s decision in Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership (73 AD3d 1123 [2010]) is misplaced. That case does not stand for the broad proposition that a dismissal pursuant to 22 NYCRR 202.27 (b) may never be based, in part, on a neglect to prosecute, but only held that the record in that particular case, involving a dismissal pursuant to 22 NYCRR 202.27 (b), “does not support the defendant’s contention that the prior action was dismissed for failure to prosecute” (Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership, 73 AD3d at 1124). Thus, contrary to the plaintiffs’ contention, the fact that the prior action was expressly dismissed pursuant to 22 NYCRR 202.27 (b) does not preclude a determination that the prior action was, in fact, dismissed, in large measure, for neglect to prosecute (cf. Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17 [2013] [in the context of a motion to dismiss a complaint for neglect to prosecute an action, made pursuant to CPLR 3216, the service of a demand to resume prosecution or serve and file a note of issue within 90 days, as provided for in that statute, or the entry of an order directing the plaintiff to do so within 90 *111 days, is a condition precedent to a dismissal for neglect to prosecute, and dismissal may not be predicated solely on general neglect to prosecute or on the doctrine of laches]; Griffith v Wray, 109 AD3d 512 [2013] [same]).
Since we have determined that the prior action was dismissed for neglect to prosecute, this action falls within one of the exceptions to the saving provision of CPLR 205 (a). Thus, unless the 2008 amendment is retroactively applicable, and the Supreme Court nonetheless failed to set forth on the record the specific conduct constituting the neglect, which conduct demonstrated a general pattern of delay in proceeding with the litigation, the plaintiffs may not avail themselves of the saving provision of CPLR 205 (a).
The plaintiffs contend that, since the Supreme Court did not set forth the conduct allegedly constituting the neglect, and since they did not engage in a general pattern of delay in any event, they may avail themselves of the saving provision of CPLR 205 (a).
The 2008 amendment added the relevant language to CPLR 205 (a), and was to “take effect immediately” (L 2008, ch 156, §§ 1, 2 [eff July 7, 2008]). Obviously, the new requirements, enacted in 2008, did not exist at the time of the 2007 dismissal. We conclude that this amendment is to be applied prospectively, not retroactively, and, thus, we agree with the contention of the Spencer defendants that the language added by the 2008 amendment does not retroactively apply to the 2007 dismissal of the prior action.
“In determining whether statutory enactments should be given retroactive effect, there are two axioms of statutory interpretation” (Nelson v HSBC Bank USA, 87 AD3d 995, 997 [2011]). “ ‘Amendments are presumed to have prospective application unless the Legislature’s preference for retroactivity is explicitly stated or clearly indicated’ ” (id. at 997, quoting Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [2001]; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]; see also McKinney’s Cons Laws of NY, Book 1, Statutes § 52, Comment at 101-102 [“it is the general rule that an amendment will have prospective application only, and will have no retroactive effect, unless its language clearly indicates that it shall receive a contrary interpretation” (footnotes omitted)]). “ ‘However, remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose’ ” (Nelson v HSBC Bank USA, 87 AD3d at 997, quoting Matter of Gleason *112 [Michael Vee, Ltd.], 96 NY2d at 122; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 584). “These axioms are helpful guideposts, but ‘the reach of the statute ultimately becomes a matter of judgment made upon review of the legislative goal’ ” (Nelson v HSBC Bank USA, 87 AD3d at 997, quoting Matter of OnBank & Trust Co., 90 NY2d 725, 730 [1997]; see Matter of Duett v Condon, 84 NY2d 773, 783 [1995]; Morales v Gross, 230 AD2d 7, 12 [1997]).
“Other factors to consider include ‘whether the Legislature has made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be’ ” (Nelson v HSBC Bank USA, 87 AD3d at 998, quoting Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122).
The legislature did not explicitly state or clearly indicate, either in the amendment itself or in the materials contained in the bill jacket, that the 2008 amendment should apply retroactively. Accordingly, we presume at the outset that the amendment was to have prospective application.
According to the Senate Introducer’s Memorandum in Support, the bill which resulted in the 2008 amendment “set[ ] forth a resolution to a persistent problem within our courts regarding dismissal for neglect to prosecute the action” (Bill Jacket, L 2008, ch 156 at 10). That memorandum continued, “The intent of CPLR § 205(a) has been misconstrued allowing for many cases to be dismissed on the basis of neglect to prosecute. The law is presently unclear with respect to what specifically constitutes a neglect to prosecute particularly where it falls outside Rule 3216” (Senate Introducer Mem in Support, Bill Jacket, L 2008, ch 156 at 10). With respect to the justification for the bill, the memorandum concluded that “[a]mending CPLR § 205 (a) to provide uniformity would reestablish the original legislative intent of this chapter” (Senate Introducer Mem in Support, Bill Jacket, L 2008, ch 156 at 10).
Although the 2008 amendment certainly could be characterized as remedial in nature, and may be construed as correcting a certain unintended judicial interpretation, on the other hand, in addition to the presumption of prospective application, the legislature expressed no urgency whatsoever so as to support *113 the case for retroactive applicability. Additionally, the amendment provided only that it was to “take effect immediately” (L 2008, ch 156, § 2 [eff July 7, 2008]; see McKinney’s Cons Laws of NY, Book 1, Statutes § 52, Comment at 102 [“an amendatory enactment will not be deemed retroactive unless, in exceptional cases, the Legislature so declares, and a provision in an amendatory statute that ‘this act shall take effect immediately’ has been held to exclude the idea that it should be retroactive” (footnotes omitted)]). Taking into consideration all of the relevant factors, we conclude that the requirement added to CPLR 205 (a) by the 2008 amendment is not to be applied retroactively, and thus has no applicability to this case.
Accordingly, because the prior action was dismissed for neglect to prosecute, the saving provision of CPLR 205 (a) does not apply to afford the plaintiffs six months from the time when their appeals as of right were exhausted within which to recommence the action (see Rumola v Maimonides Med. Ctr., 88 AD3d 781, 781-782 [2011]; see also MacIntosh v Bronzo, 302 AD2d 434, 434-435 [2003]; Goldstein v Lopresti, 300 AD2d 442, 443 [2002]; Alaimo v Velco Enters., 234 AD2d 325, 325 [1996]), regardless of whether the Supreme Court set forth on the record the specific conduct constituting the neglect, demonstrating a general pattern of delay in proceeding with the litigation.
In light of our determination that this action was time-barred, it is not necessary to reach the plaintiffs’ contention that, notwithstanding their failure to timely serve the defendants pursuant to CPLR 205 (a), the court may overlook this failure for good cause shown and in the interest of justice pursuant to CPLR 306-b, and enlarge the time within which they could effect service of process upon the defendants. Accordingly, the Supreme Court properly denied, as academic, the plaintiffs’ cross motion pursuant to CPLR 306-b to extend the time to serve copies of the summons and complaint upon the defendants.
The defendants’ contentions that this action is barred by the doctrines res judicata and collateral estoppel, and that those doctrines provide an alternative ground for affirmance, also need not be reached in light of our determination.
Conclusion
For the reasons stated above, we conclude that the Supreme Court properly granted the separate motions of the Crystal Nails defendants and the Spencer defendants to dismiss the *114 complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (5) as time-barred, and properly denied, as academic, the plaintiffs’ cross motion for an extension of time to serve the defendants pursuant to CPLR 306-b. Accordingly, the order is affirmed.
Angiolillo, J.P, Chambers and Lott, JJ., concur.
Ordered that the order is affirmed, with one bill of costs.