■ MAUREEN WEBB, Appellant, v GREATER NEW YORK AUTOMOBILE DEALERS ASSOCIATION, INC., Respondent. [1 NYS3d 212]—

In an action, inter alia, to recover damages for employment discrimination on the basis of sex in violation of Executive Law § 296 and breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), entered April 23, 2013, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the third cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The Supreme Court properly granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) to dismiss the first and second causes of action, alleging violations of title VII of the Civil Rights Act of 1964 (42 USC, ch 21, § 2000e *et seq.*) (hereinafter title VII) and the New York State

Human Rights Law (Executive Law § 296) (hereinafter NYSHRL), respectively, based on the doctrine of res judicata (*see* CPLR 3211 [a] [5]). The Supreme Court correctly concluded that a prior action commenced by the plaintiff against the defendant, which asserted the same causes of action, was dismissed for the plaintiff's failure to obtain personal jurisdiction over the defendant and neglect to prosecute, and that the order of dismissal entered in that action adequately set forth the conduct of the plaintiff that constituted the neglect and demonstrated a general pattern of delay in proceeding (*see* CPLR 205 [a]). Accordingly, the court properly concluded that the plaintiff could not avail herself of CPLR 205 (a), which provides that, under certain circumstances, an action that has been dismissed, albeit not on the merits, may be recommenced within six months after its dismissal (*see generally Marrero v Crystal Nails*, 114 AD3d 101 [2013]). In light of that determination, the court properly determined that the title VII and NYSHRL causes of action asserted in the instant action were time-barred (*see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 520 [2005]; *Markoff v South Nassau Community Hosp.*, 61 NY2d 283, 288 [1984]).

However, the Supreme Court erred in granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the third cause of action, which sought to recover damages for breach of contract. The defendant argued before the Supreme Court that the plaintiff failed to state a cause of action to recover damages for breach of contract (*see* CPLR 3211 [a] [7]). In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Paolicelli v Fieldbridge Assoc., LLC*, 120 AD3d 643, 644 [2014]). Here, the plaintiff sufficiently pleaded a cause of action sounding in breach of contract by alleging all of the essential elements of such a claim: the existence of a contract, the plaintiff's performance pursuant to that contract, the defendant's breach of its contractual obligations, and damages resulting from that breach (*see Canzona v Atanasio*, 118 AD3d 841, 842 [2014]; *Neckles Bldrs., Inc. v Turner*, 117 AD3d 923, 924 [2014]). Although the plaintiff is presumed to be an at-will employee who may not maintain a breach of contract cause of action based on an alleged wrongful termination of employment (*see Minovici v*

*Belkin BV*, 109 AD3d 520, 522 [2013]; *Wood v Long Is. Pipe Supply, Inc.*, 82 AD3d 1088, 1089 [2011]; *Lerman v Medical Assoc. of Woodhull*, 160 AD2d 838, 839 [1990]), the plaintiff's breach of contract cause of action is not based on her alleged constructive discharge from employment but, rather, seeks to recover unpaid, agreed-to compensation for services actually rendered. Her at-will status does not bar such a claim (*see Miloscia v B.R. Guest Holdings, LLC*, 94 AD3d 563, 564 [2012]; *Arbeeny v Kennedy Exec. Search, Inc.*, 71 AD3d 177, 182-183 [2010]). Since the plaintiff adequately alleged a cause of action to recover unpaid compensation by asserting that she performed her obligations as an employee and was not paid for that performance, the third cause of action remains viable.

There is no merit to the defendant's contention that, pursuant to regulations promulgated by the United States Department of Labor, it was not required to compensate the plaintiff for her final days of work because her last work week was less than five days long (*see* 29 CFR 541.602 [b] [6]). Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.