■ THERESA FAMILIO, Appellant, v MAXINE HERSH et al., Respondents. [52 NYS3d 901]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered September 24, 2015, which granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly directed the dismissal of the complaint as time-barred on the ground that the provisions of CPLR 205 (a) that toll the statute of limitations are inapplicable in this action because the plaintiff's prior action had been dismissed for neglect to prosecute (*see* CPLR 205 [a]; *Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 123 AD3d 1111, 1112 [2014]; *see generally Marrero v Crystal Nails*, 114 AD3d 101, 109 [2013]). Contrary to the plaintiff's contention, under the

circumstances of this case, the record of the dismissal of the prior action set forth the specific conduct constituting the neglect to prosecute, which conduct demonstrated a general pattern of delay (*see* CPLR 205 [a]; *Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 123 AD3d at 1112; *see generally Marrero v Crystal Nails*, 114 AD3d at 109). Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.