Matter of Richards v Board of Fire Commr. of the Brentwood Fire Dist. (2021 NY Slip Op 02163)





Matter of Richards v Board of Fire Commr. of the Brentwood Fire Dist.


2021 NY Slip Op 02163


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-09190
 (Index No. 6494/17)

[*1]In the Matter of Thomas Richards, petitioner,
v
Board of Fire Commissioners of the Brentwood Fire District, et al., respondents.


The Law Firm of Gary N. Weintraub, LLP, Huntington, NY (Leland S. Solon of counsel), for petitioner.
Putney Twombly Hall & Hirson, LLP, New York, NY (Mary Ellen Donnelly and John B. Fulfree of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Board of Fire Commissioners of the Brentwood Fire District dated September 3, 2015, made after a hearing, finding the petitioner guilty of misconduct and terminating his membership in the Brentwood Fire Department.
ADJUDGED that the petition is denied and the proceeding is dismissed as time-barred, with costs.
On November 30, 2015, the petitioner commenced a proceeding pursuant to CPLR article 78 in the Supreme Court, Suffolk County, to review a determination of the Board of Fire Commissioners of the Brentwood Fire District dated September 3, 2015, terminating the petitioner's membership in the Brentwood Fire Department. By order dated May 16, 2016, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g). The petitioner took no further action and, by decision and order on motion of this Court dated July 5, 2017, the transferred proceeding was dismissed for failure to perfect. Subsequently, the petitioner filed a motion to vacate the order of dismissal. On December 6, 2017, this Court denied the petitioner's motion to vacate the dismissal and reinstate the proceeding.
On December 20, 2017, the petitioner filed the instant petition. The issues raised in the prior petition are identical to those raised in the instant petition. The respondents moved pursuant to CPLR 3211(a)(5) and 7804(f) to dismiss the petition as untimely. By order dated April 4, 2018, the Supreme Court denied the respondents' motion to dismiss. Subsequently, by order dated June 12, 2018, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
As an initial matter, contrary to the petitioner's contention, the question of whether the petition was timely filed is properly before this Court (see CPLR 7804[g]; Matter of Masullo v City of Mount Vernon, 141 AD3d 95, 100; Matter of Desmone v Blum, 99 AD2d 170, 177).
Turning to the merits, the Supreme Court erred in denying the respondents' motion to dismiss the petition as time-barred. The statute of limitations applicable to a proceeding pursuant to CPLR article 78 is four months from the time that the determination to be reviewed becomes final (see CPLR 217[1]). CPLR 205(a), states in pertinent part, that [i]f an action is timely commenced and is terminated in any other manner than by . . . a dismissal of the complaint for neglect to prosecute the action, . . . the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination . . . Where a dismissal is one for neglect to prosecute the action . . . the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation."
"CPLR 205(a) is a tolling provision, which serves the salutary purpose of preventing a Statute of Limitations from barring recovery where the action, at first timely commenced, had been dismissed due to a technical defect which can be remedied in a new action" (Marrero v Crystal Nails, 114 AD3d 101, 108-109 [internal quotation marks omitted]). It is "designed to insure to the diligent suitor the right to a hearing in court until he or she reaches a judgment on the merits" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 200 [alterations and internal quotation marks omitted]). Thus, the "'neglect to prosecute' exception in CPLR 205(a) applies not only where the dismissal of the prior action is for '[w]ant of prosecution' pursuant to CPLR 3216, but whenever neglect to prosecute is in fact the basis for dismissal" (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 520; see Marrero v Crystal Nails, 114 AD3d at 110).
Accordingly, the tolling provision of CPLR 205(a) is inapplicable where, as here, over the course of nearly 14 months, a litigant fails to timely perfect a proceeding and fails to make any effort to obtain an extension of time to perfect (cf. Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d at 521; Marrero v Crystal Nails, 114 AD3d at 110).
Further, contrary to the petitioner's contention, the language contained in this Court's order of dismissal adequately set forth the conduct constituting the neglect and demonstrated a general pattern of delay in the proceeding, as required by CPLR 205(a) (see Familio v Hersh, 150 AD3d 1203, 1204; Webb v Greater N.Y. Auto. Dealers Assn., Inc., 123 AD3d 1111, 1112).
The parties' remaining contentions either need not be addressed in light of our determination or are without merit.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court