■ CAN-AM ORGANIC FOODS, LTD., Respondent, v PHILIPS BUSINESS SYSTEMS, INC., et al., Appellants. — Order, Supreme Court, New York County (Wallach, J.), entered on January 26, 1981, which denied defendants' motion for summary judgment unanimously reversed, on the law, the motion granted and plaintiff's complaint dismissed, with costs. Initially, plaintiff (Can-Am) entered into an agreement to purchase a computer and ancillary programming from defendant, Philips Business Systems, Inc. (Philips). Thereafter, this transaction was changed from an outright sale to a lease, whereby defendant Hundred East Credit Corporation (HECC) agreed to purchase the computer equipment from Philips and, in turn, lease it to plaintiff. Philips, however, was still obligated to provide the programming services. Plaintiff acknowledged acceptance of this equipment in December, 1975, with the lease to commence on the first of the year. Almost immediately thereafter, plaintiff expressed its dissatisfaction with the services provided. Ultimately, the resulting dispute was mutually settled by a rescission of the lease. Pursuant to this agreement, plaintiff was to be released from any further obligations under the lease when the computer was returned to Philips and when plaintiff tendered a sum of money to HECC to rectify its accounts. It also appears that as part of this settlement, Philips canceled all outstanding programming invoices. Plaintiff in response to this agreement wrote to Philips that HECC had given all assurances that they would release plaintiff: "from any further obligation to HECC, provided your people pick up your machine and we deliver a check to you for usage of said machine through September 30, 1976. After checking with our attorney, we feel that this agreement is acceptable * * * I hope we can now expedite this business and both proceed to more profitable matters." In response, HECC communicated that, "[it] hereby agrees to release Can-Am unconditionally from all obligations to HECC created by the * * * lease document." Approximately three years after this exchange of letters, plaintiff commenced this action for damages resulting, it is alleged, from defendants'

misrepresentations. Plaintiff argues that there was no express rescission of the lease agreement and that it has not relinquished any of its rights against these defendants. This court concluded otherwise. The exchange of correspondence between these parties mutually rescinded the existing contract. Plaintiff, in order to maintain this cause of action, must specifically demonstrate that, at the time the parties entered into the agreement of rescission, it reserved the right to assert a claim on the rescinded contract for a previous breach thereof. No such indication is present in the record now before this court. The Court of Appeals specifically alluded to this situation in *Mallad Constr. Corp. v Country Fed. Sav. & Loan Assn.* (32 NY2d 285, 293) where the court stated that: "Ordinarily, where an agreement alleged to have been breached has been rescinded, the claim is determined by reference to the rescission agreement, '"and in general no such claim can be made unless expressly or impliedly reserved upon the rescission."' [citations omitted]." No material issue of fact has been presented in this case as to whether plaintiff, expressly or otherwise, reserved any claim under the rescission agreement. Therefore, defendants' motion for summary judgment should have been granted. Concur — Murphy, P. J., Birns, Ross and Silverman, JJ.