■ RONALD RUSS, Appellant, v MINUTEMAN OPTICAL CORPORATION et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered July 14, 1983 in Otsego County, which denied plaintiff's motion for summary judgment upon the first cause of action in the amended complaint and for summary judgment dismissing defendants' counterclaims and complete defenses. Plaintiff was previously a managerial employee and stockholder of defendant Minuteman Optical Corporation (Minuteman), a wholesale distributor of eyeglass frames. By agreement dated July 2, 1982, plaintiff and Minuteman formalized the termination of their active business relationship. In it, plaintiff and Minuteman acknowledged the prior cessation of plaintiff's employment and he promised to convey all of his corporate shares to Minuteman. Minuteman in turn agreed to pay plaintiff a total of $20,000 for the shares, plus an agreed upon percentage of its gross receipts for the months of April through August, 1982, less amounts previously paid for plaintiff's services during that period. The $20,000 payment was made in full, but Minuteman failed to make the requisite payments based upon its gross receipts. Plaintiff then commenced the instant action to recover the sum of $4,582 which he alleges represents the amount due under that provision of the contract. Defendants answered by interposing a general denial and two counterclaims and "complete" defenses. The gravamen of these affirmative defenses and counterclaims is that plaintiff, while still employed and with intent to injure Minuteman's business for the purpose of promoting his own newly established, competitive business, misappropriated Minuteman's confidential customers list, customer information files and certain eyeglass frames. Plaintiff then moved for summary judgment on his cause of action for the payment due based upon a percentage of gross receipts and for dismissal of defendants' counterclaims. Special Term denied plaintiff's motion in all respects and this appeal ensued. We reverse. In his moving papers, plaintiff submitted an affidavit, supported by documentary evidence, establishing by evidentiary proof in admissible form his entitlement to the sum demanded on the basis of Minuteman's gross receipts. Plaintiff also expressly denied taking any of Minuteman's customers lists, denied the existence of any Minuteman files containing customer information and denied taking any eyeglass frames. He further averred and substantiated by documentary evidence that the identity of Minuteman's customers (all retail opticians and optometrists) were readily available through public trade sources and hence were not confidential. The foregoing evidentiary showing was sufficient to establish plaintiff's contract cause of action and to negate defendants' defenses and counterclaims, including so much thereof as were based upon plaintiff's alleged unfair competition (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496). The burden then shifted to defendant to demonstrate by evidentiary proof in admissible form that the facts plaintiff established remained in dispute, so as to require a plenary trial (*Zuckerman v City of New York*, 49 NY2d 557, 562). Defendants have failed to make the requisite showing. The opposing papers consist essentially of the affidavit of defendant Francis X. Sullivan, president

of Minuteman. Sullivan's affidavit fails to address itself at all to plaintiff's proof that the $4,582 demanded was due under the contract on the basis of Minuteman's gross receipts. As to the affirmative defenses and counterclaims, Sullivan's affidavit does not provide any factual substantiation whatsoever to support defendants' pleadings regarding plaintiff's alleged theft of eyeglass frames or of customer lists and information. The lack of such evidentiary substantiation is fatal to those allegations in defendants' pleadings (*Dabney v Ayre*, 87 AD2d 957). Apart from various conclusory or conjectural assertions, the only factual averments concerning plaintiff's misconduct in the Sullivan affidavit relate to an instance in the spring of 1982 when plaintiff failed to provide proper inventory control over Minuteman's merchandise, resulting in the company's inability to timely fill orders scheduled for delivery to customers the following August. Sullivan further alleged that on the basis of resultant rebates due backordered customers and canceled orders, plaintiff's inventory mismanagement cost Minuteman a total of $1,160. Defendants assert that this alone was sufficient to defeat the motion for summary judgment. Their argument is based upon the theory stated in Sullivan's affidavit that the July 2 agreement had as a condition an "implied * * * duty of plaintiff to perform in a skillful and workmanlike manner his position * * * in order to be entitled for the compensation set forth in the agreement". Thus, according to defendants, the averments of plaintiff's inventory mismanagement alone are sufficient to prevent granting summary judgment. Defendants' argument fails for several reasons. First, even if we were to accept defendants' view that the July 2 agreement contained an implied promise of faithful past performance of plaintiff's services, the "misconduct" claimed here would be insufficient as a total bar to plaintiff's claim. Minuteman's loss due to plaintiff's alleged inventory mismanagement amounted to less than 1% of Minuteman's total gross receipts for the relevant period. When an employee sues for agreed compensation for fully completed past services, the claim is defeated only if the facts show a failure of performance that is substantial, material and strikes at the very essence of the contract (*Turner v Kouwenhoven*, 100 NY 115, 119; 36 NY Jur, Master and Servant, § 44, p 460). Second, the July 2 agreement is not one fixing compensation for future or continued employment in which, arguably, there is an implied duty on the part of the employee to perform services in a faithful, efficient manner. Rather, the instant agreement is one for the payment of additional compensation upon *termination* of the employment relationship, the consideration for which was plaintiff's resignation and transfer of corporate stock. In other words, the July 2 agreement was to rescind the prior express or implied contract of employment between the parties, including any and all express or implied terms thereof. As such, any misconduct by plaintiff during the period before he ceased employment cannot defeat plaintiff's right to additional compensation derived from the termination agreement. Defendants' counterclaims based upon plaintiff's misconduct during the prior period of employment are not part of the same transaction as the agreement on which plaintiff sues, and are, therefore, insufficient to avoid summary judgment on plaintiff's contract-based claim (*Rose v Genesee Monroe Racing Assn.*, 52 AD2d 1091, 1092). Defendants' failure to make any evidentiary showing to relate the claim of plaintiff's inventory mismanagement to their conclusory allegations of his unfair competition is similarly fatal to their counterclaims. As the previous discussion demonstrates, the alleged inventory mismanagement would only be compensable as a breach of an implied promise properly to perform services under the earlier express or implied contract of employment between plaintiff and Minuteman. The July 2 agreement rescinded any such earlier contract of employment. There is no showing whatsoever here that plaintiff fraudulently concealed any such inventory misman-

agement when the contract of rescission was entered into by the parties. Under such circumstances, in the absence of an express reservation of rights, Minuteman is foreclosed from asserting any claim based upon a breach of the rescinded contract of employment (see *Can-Am Organic Foods v Philips Business Systems,* 83 AD2d 528, 529). For the foregoing reasons, plaintiff's motion for summary judgment should have been granted in all respects. Order reversed, on the law, with costs, and plaintiff's motion for summary judgment upon his first cause of action and for summary judgment dismissing defendants' counterclaims and complete defenses granted. Mahoney, P. J., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.