■ Joseph Falcone, Respondent, v EDO Corporation, Appellant.—In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered March 31, 1987, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $91,741.50.

Ordered that the judgment is affirmed, with costs.

The plaintiff Joseph Falcone was employed by the defendant EDO Corporation (hereinafter EDO) from 1944 until he retired in 1983. Following his retirement, Falcone sued EDO to recover compensation for 6,612 hours of nonscheduled overtime work he performed between May 1951 and August 1961. During those years the overtime referred to was understood to be not compensable, but rather was to be used as a buffer before resort would be had to a fringe benefit called sick/personal time. However, in 1977 EDO changed its policy and paid its employees for their accumulated overtime. Although EDO conceded that Falcone had worked considerable overtime, the corporation could not locate any records relative to the number of overtime hours he had put in. By a memorandum to Falcone dated August 25, 1980, EDO offered to compensate Falcone for 1,880 hours, which was the maximum number on record for another employee, but Falcone rejected the offer and brought the instant lawsuit following his retirement in June 1983.

At trial the court, in effect, directed a verdict in favor of Falcone, leaving for jury determination the number of hours involved. By its verdict the jury credited Falcone with the full 6,612 hours, and the court-ordered payment of the full $91,741.50, plus costs and interest from August 25, 1980, the date on which it found the plaintiff's contract to have been breached.

On appeal, EDO argues that the memorandum dated August 25, 1980, proposing to compensate Falcone for 1,880 hours, was not a contract but was rather an offer that Falcone rejected, and that the parties' dispute over the number of hours for which Falcone should be compensated resulted in no meeting of the minds as to an essential element of the alleged contract.

However, the viable contract in this case is the underlying employer-employee agreement embodied, *inter alia,* in EDO's Personnel Policy Manual, and merely reflected in the memorandum of August 25, 1980. According to the terms of that agreement, nonscheduled overtime accrued in a "bank" of

sick/personal time that could be drawn against as extra leave until 1968, when the time-accrual policy was discontinued and the existing "banks" were frozen. Thereafter the frozen "banks" could be drawn against by the employees who had earned them, either in time or in severance pay. After 1977 EDO agreed to compensate its employees monetarily for their accumulated "banks", either in annual installments while the employees were still employed by EDO, or in lump sums upon severance or retirement. All EDO employees were compensated for their recorded nonscheduled overtime according to the foregoing schedules, except for Falcone and four others, whose overtime records had allegedly been lost by the company.

When an employee sues for agreed compensation for fully completed past services, the claim will fail only if the facts show a failure of performance that is substantial and material (*Russ v Minuteman Opt. Corp.*, 99 AD2d 632). The fact that the plaintiff worked for the defendant for nearly 40 years and was consistently promoted indicates that there was no failure in his performance, and his claim may not therefore be defeated.

In addition, by the plain language of the retirement policy section of its internally promulgated Personnel Manual, EDO bound itself to compensate Falcone for the "bank" actually earned by him (*see, Saunders v Big Bros.*, 115 Misc 2d 845).

A significant issue in this case is the number of hours with which Falcone should be credited, which issue was decided by the jury in his favor. A review of the record reveals that the verdict in favor of the plaintiff, including the number of hours of nonscheduled overtime, was fully supported by the evidence.

EDO's contention that Falcone should not have been permitted to testify to his 1961 telephone conversation with EDO's payroll clerk, Mary Pisani, who told him that he had accumulated 6,612 hours of nonscheduled overtime, since this was hearsay, and, that Falcone failed to prove that Pisani was acting within the scope of her authority to bind her principal, is without merit. Falcone established at trial without refutation that Ms. Pisani was in charge of collecting and tallying the nonscheduled overtime accounts for EDO's salaried employees. Her statement was therefore an admission made by an agent within the scope of her authority, receivable against her principal as an exception to the hearsay rule (*Spett v President Monroe Bldg. & Mfg. Corp.*, 19 NY 203; *Brusca v El Al Israel Airlines*, 75 AD2d 798; *Kelly v Diesel Constr. Div.*, 35

NY2d 1). Additionally, since EDO had lost or destroyed the records that would have documented the actual overtime hours worked by Falcone, he was entitled to present as secondary evidence any admissions by his adversary *(Mandeville v Reynolds,* 68 NY 528; *Dependable Lists v Malek,* 98 AD2d 679).

Finally, EDO contends that it should not be required to pay interest from August 25, 1980, the date of the memorandum from EDO, since Falcone was not damaged until he retired on June 17, 1983. This issue is unpreserved for appellate review, since EDO failed to object to the interest date when fixed by the trial court. In any event, because CPLR 5001 (b) provides that interest may be computed "upon all of the damages from a single reasonable intermediate date" when damages have been incurred at various times, a "reasonable date" between 1977 and 1983 is August 25, 1980, the day on which EDO issued its memorandum breaching its employment agreement with Falcone. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.