OPINION OF THE COURT
Richard F. Braun, J.
This is an action for severance pay and accrued vacation pay in the amount of $43,125. Defendant moves to dismiss the *157 complaint pursuant to CPLR 3211 (a) (7). Plaintiff cross-moved, for summary judgment. The cross motion was withdrawn.
On a motion to dismiss the complaint, the facts alleged therein must be accepted by the court as true (Morone v Morone, 50 NY2d 481, 484 [1980]). Plaintiff was hired by defendant on or about July 1, 1997 as defendant’s Director of Management Information Systems. On or about February 12, 1998, plaintiff and defendant’s Managing Director/Chief Executive Officer entered into an oral agreement whereby plaintiff would resign his position with defendant immediately in exchange for a severance payment of his salary through June 30, 1998, payment of his accrued vacation pay, and a positive employment reference. In reliance on that agreement, plaintiff resigned from his position with defendant on or about February 12, 1998. Defendant has not honored its obligations under the oral agreement, and plaintiff is seeking damages of $43,125.
The basis for defendant’s motion is the alleged lack of consideration for the promise by defendant. First, defendant’s argument in no way addresses plaintiff’s claim for accrued vacation pay. Second, as the attorney for plaintiff argues on page 6 of his December 28, 1999 memorandum of law, there was consideration for defendant’s promise in that, in resigning, plaintiff gave up his right to seek unemployment benefits and to complain to defendant’s board members about his potential termination (cf., Hirsch v Associated Amusement Mach. Operators, 205 Misc 105 [App Term, 1st Dept 1953] [the written resignation by the plaintiff was adequate consideration for the defendant’s promise to pay him severance pay]). Furthermore, the severance agreement between the parties was an enforceable agreement between them, separate from their employment agreement, although defendant had the right to have terminated plaintiff’s at-will employment without having agreed to the severance agreement (see, Sabetay v Sterling Drug, 69 NY2d 329, 333 [1987]; cf., Russ v Minuteman Opt. Corp., 99 AD2d 632, 633 [3d Dept 1984] [the consideration for the agreement terminating the employment relationship between the plaintiff and defendant was the plaintiffs resignation and transfer of corporate stock]).
Defendant’s reliance upon Tierney v Capricorn Investors (189 AD2d 629 [1st Dept 1993]) is misplaced. There the plaintiff was suing the defendant for a bonus that the plaintiff claimed was due to him pursuant to, inter alia, an alleged oral agreement, as a result of the plaintiffs having worked on a specific project. The failure of the plaintiff there to demonstrate ade *158 quate consideration was because valid consideration cannot be grounded in a promise to do what the promisor is already bound to do, or upon the performance of an existing legal obligation. The plaintiff there already had an obligation to do what he claimed entitled him to the bonus. Here, plaintiff had no legal obligation to resign rather than be terminated by defendant, if that was the latter’s intention, and plaintiff resigned in reliance upon defendant’s promise to pay him severance pay and his vacation pay, and give him a good employment reference.
Therefore, the motion to dismiss cannot be granted. Plaintiff requests motion costs. Pursuant to CPLR 8106 and 8202, costs on the motion should be awarded, to abide the event.