■ MILAN MUSIC, INC., et al., Appellants, v EMMEL COMMUNICATIONS BOOKING, INC., et al., Respondents. [829 NYS2d 485]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered February 22, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The parties had contracted for a concert by the artist known as 50 Cent, but the performance was cancelled pursuant to an oral agreement. This cancellation was memorialized in two separate writings, and defendants promptly refunded to plaintiffs their $50,000 deposit for the event. Once an agreement has been rescinded, there can be no claims based on the cancelled agreement unless the right to make such claims is expressly or impliedly reserved within the terms of the rescission (*McCreery v Day*, 119 NY 1 [1890]; *see Can-Am Organic Foods v Philips Bus. Sys.*, 83 AD2d 528 [1981]). Absent such a reservation here, plaintiffs could not withdraw the cancellation or resurrect the original contract. Moreover, plaintiffs' alleged damages amount to nothing more than conjecture as to what could have been earned had the concert been held. Without a clear demonstration of damages, there can be no claim for breach of contract (*Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]).

We have considered plaintiffs' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Marlow, Buckley and McGuire, JJ.