■ MICHAEL ANTHONY MILOSCIA, Respondent, v B.R. GUEST HOLDINGS, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants. METROPOLITAN TRANSPORTATION AUTHORITY et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [942 NYS2d 484]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered August 18, 2011, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint, granted third-party defendants Metropolitan Transportation Authority and New York City Transit Authority's (together NCYTA) motion to dismiss the third-party

complaint against them, and denied defendants'/third-party plaintiffs' cross motion for summary judgment on the third-party complaint, unanimously modified, on the law, to the extent of granting that portion of defendants' summary judgment motion seeking dismissal of the breach of contract claim against defendant Pamela Friedl, and otherwise affirmed, without costs.

In this action for employment discrimination and breach of an agreement to provide health insurance benefits, plaintiff, who began employment with defendant BR Guest on April 29, 2009, was struck by a bus owned and operated by third party defendant New York City Transit Authority (NYCTA) and hospitalized on July 16, 2009, shortly before he became eligible for health insurance benefits pursuant to the offer of employment letter which provided that plaintiff would be eligible for benefits on the first day of the month following his completion of three months of employment (i.e., August 1, 2009). The parties dispute the date of plaintiff's termination, which plaintiff maintains occurred on August 4, 2009, when defendant Pamela Friedl, BR Guest's corporate recruiter, sent plaintiff's mother a letter stating, in effect, that plaintiff had been terminated as of the date of the accident. In light of the August 4th 2009 letter that plaintiff was terminated on the same day as the accident which caused his disability, we find that issues of fact exist as to whether, among other things, defendants "engage[d] in a good faith interactive process that assesses the needs of the disabled individual and the reasonableness of the accommodation requested," as required under the New York State and City Human Rights Laws (HRL) (see *Phillips v City of New York*, 66 AD3d 170, 176 [2009]).

Defendant Friedl testified that she was one of several BR Guest employees who determined that plaintiff had to be terminated following his accident. As noted above, she also authored the letter of termination. Based on this evidence, we find that the motion court did not err in denying that portion of her motion seeking dismissal of plaintiff's HRL claims against her.

BR Guest's motion for summary judgment on the breach of contract claim was also properly denied. Although an employee may not maintain an action for breach of contract based upon provisions contained in an employee manual where that manual also expressly provides that the employment remains at-will (see *Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 316-17 [2001]), plaintiff's contract claim is not for termination, but rather for benefits, including health insurance. In other words, plaintiff is suing "for agreed compensation for fully completed

past services" (*Falcone v EDO Corp.*, 141 AD2d 498, 499 [1988]). There are issues of fact regarding whether he was unlawfully terminated on August 4 and whether he had earned eligibility for health insurance benefits prior to his termination (*id.*).

Plaintiff's contract claim against Friedl should be dismissed because she was merely an employee and not a party to any contract between plaintiff and BR Guest (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 914-915 [1978]).

Defendants have failed to preserve their argument that plaintiff's contractual claim for health insurance benefits is preempted by the Employee Retirement Income Security Act (29 USC § 1001 *et seq.*). In any event, we find that plaintiff's contract claim is not preempted by ERISA (*see Nealy v US Healthcare HMO*, 93 NY2d 209, 217-219 [1999]).

Defendants may not seek contribution from NYCTA since the injury which they allegedly caused—violation of plaintiff's human rights—is not the same as NYCTA's alleged negligence in striking him with their bus (*see Gonzalez v Jacoby & Meyers*, 258 AD2d 560, 560-561 [1999]). Nor may they seek to shift any loss to NYCTA via the doctrine of common-law indemnification since they are being sued entirely for their own alleged wrongdoing, not derivatively (*see Trustees of Columbia Univ. v Mitchell/ Giurgola Assoc.*, 109 AD2d 449, 451 [1985]). Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 33 Misc 3d 466.]**