Ayers v City of Mount Vernon (2019 NY Slip Op 07230)





Ayers v City of Mount Vernon


2019 NY Slip Op 07230


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-03963
 (Index No. 70515/14)

[*1]Andrea L. Ayers, appellant,
v
City of Mount Vernon, respondent.


Charny & Wheeler (Nathaniel K. Charny and Eisner and Dictor, P.C., New York, NY [Thomas J. Lamadrid], of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney and Shannon E. Kane of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated April 3, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, and the plaintiff's cross motion for summary judgment on the issue of liability is granted.
The plaintiff was appointed as Ordinance Officer for the defendant, City of Mount Vernon, by a letter dated January 3, 2013 (hereinafter the Notice of Appointment). The Notice of Appointment indicated that the plaintiff would serve a six-month probationary period, after which she would be appointed to her position permanently. It confirmed certain terms of the appointment, including the annual salary, which was described as "$47,211.74 (Grade 7A Step 4)." The Notice of Appointment was signed by Judy Williams, as the Human Resources Commissioner, and by the plaintiff. It is undisputed that the plaintiff has since served the probationary period and has become a permanent employee. It is also undisputed that from some time shortly after the plaintiff began to work in this position, the City paid her as though her annual starting salary was only approximately $41,156.
The plaintiff commenced this action to recover damages for breach of contract, alleging that the City failed to pay her the agreed upon salary. In its answer to the complaint, the City alleged that its Board of Estimate and Contract sets all salaries and that Williams had made a mistake in the Notice of Appointment, which she immediately corrected by stating the actual salary on the relevant personnel sheet.
The City moved for summary judgment dismissing the complaint on the ground that the Notice of Appointment was not a valid agreement, and that the plaintiff's salary was set by the Board of Estimate and Contract, not by contract. In support of the motion, the City submitted, inter alia, the Notice of Appointment, a resolution by the Board of Estimate and Contract, setting the salaries for certain City employees for the period of January 1, 2013, through December 31, 2013, [*2]and transcripts of the deposition testimony of both the plaintiff and Williams. As relevant, the resolution by the Board of Estimate and Contract set the salary for an Ordinance Officer at the 7A Grade with a minimum salary of $41,156.78 and a maximum salary of $59,321.66.
In her deposition, the plaintiff testified that within her first month of employment, she realized that her paychecks did not reflect the annual salary that had been agreed upon. The plaintiff stated that she contacted Williams about the discrepancy, and Williams said that she "would take care of it." The plaintiff additionally testified that she complained to Williams and others over the course of her probationary period, as well as after she became a permanent employee, and she was told that the mistake would be corrected, but it never was.
Williams testified in her deposition that there was a salary range for the position of Ordinance Officer, which accounted for experience and education, and that a person could be appointed anywhere within that range. Williams explained that the relevant department head would select a candidate to be hired, and, in conjunction with the Office of Civil Service, would determine the appropriate salary. She testified that it was within the discretion of the department head to determine at what salary step an individual would start, and the salary could be anywhere between the minimum and the maximum for that position.
Williams testified that in preparing the plaintiff's Notice of Appointment, she contacted the Office of Civil Service to ascertain the starting salary. Although it was unusual for an employee to begin at Step 4 of his or her particular grade, Williams recalled that Step 4 was "what was available" at the time of the plaintiff's hiring. It was the same salary at which the plaintiff's predecessor had begun her employment. Williams reviewed the terms of the Notice of Appointment with the plaintiff, which established the particular terms of employment, and then each of them signed the letter to indicate agreement to its terms and "a meeting of the minds." Among other documents, an employee card was created for the plaintiff's employment, which was maintained by the Office of Civil Service, and which indicated the plaintiff's appointment and salary of $47,211.74, consistent with the Notice of Appointment.
Williams further testified that some weeks or months into the plaintiff's appointment, Williams was advised that the plaintiff's salary was incorrect and should be reduced. Williams believed that the budget had changed and the salary was reduced. She recalled speaking to the plaintiff about the change in salary. However, no new notice was issued altering the plaintiff's appointment, and the plaintiff did not sign any new documents altering the terms of her employment.
The plaintiff cross-moved for summary judgment on the issue of liability. In support of the cross motion, in addition to the documents submitted by the City on its motion, the plaintiff submitted, inter alia, the transcript of the deposition testimony of George W. Brown, the City Clerk and Registrar. In his deposition, Brown testified that he oversaw the City Clerk's department. His duties included providing administrative support to the Board of Estimate and Contract. He stated that the Board of Estimate and Contract sets the salary ranges for all employees, via an annual salary resolution, but it does not have the ability to "cut" a particular employee's grade or step. He further testified that, in hiring a particular employee, a department head must set the salary within the range provided for in the salary resolution. Upon hiring a particular person, the department head would complete a "report of personnel change" to include that person in the department's budget.
The plaintiff also submitted a "Report of Personnel Change," dated January 7, 2013. That document indicated that the plaintiff had been hired for a probationary period as the City Ordinance Officer under terms consistent with the Notice of Appointment, that is, at a Grade 7A, Step 4, with an annual salary of $47,211.74.
In opposition to the cross motion, the City submitted no additional evidence, and adhered to its position that the Notice of Appointment was not an enforceable contract, and the plaintiff had no rights to the terms therein.
In an order dated April 3, 2017, the Supreme Court granted the City's motion and denied the plaintiff's cross motion. The court determined that the Notice of Appointment failed to mention the duration of the plaintiff's employment. Therefore, the court determined that the plaintiff [*3]was effectively an at-will employee whose employment could be terminated at any time during the probationary period, and thus, there could be no breach of contract. The court further determined that the plaintiff had not provided a basis for estopping the City from correcting its mistake. The plaintiff appeals. We reverse.
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see Zuckerman v City of New York, 49 NY2d 557, 562). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d at 324; see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d at 324; see Zuckerman v City of New York, 49 NY2d at 562).
The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and resulting damages (see Webb v Greater N.Y. Auto. Dealers Assn., Inc., 123 AD3d 1111, 1112; Kausal v Educational Prods. Info. Exch. Inst., 105 AD3d 909, 910; see also Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965; Meyer v New York-Presbyterian Hosp. Queens, 167 AD3d 996, 997). The Supreme Court's reliance on the body of law concerning at-will employees was error. The plaintiff's breach of contract cause of action solely seeks to recover unpaid, agreed-to compensation for services rendered while she was actually employed by the City,
and thus, the at-will doctrine does not apply (see Webb v Greater N.Y. Auto. Dealers Assn., Inc., 123 AD3d at 1113; Miloscia v B.R. Guest Holdings, LLC, 94 AD3d 563, 564-565; Arbeeny v Kennedy Exec. Search, Inc., 71 AD3d 177, 183; see also Falcone v EDO Corp., 141 AD2d 498, 499). Accordingly, we need not consider the City's argument that the plaintiff was "effectively an at-will employee," since the at-will doctrine has no application to this case.
Turning to the merits of the City's summary judgment motion, the evidence submitted in support of the City's motion established that the plaintiff was hired at the Grade 7A, Step 4 level, with a promised salary of $47,211.74. This salary was within the range set by the Board of Estimate and Contract. The City failed to produce any evidence in support of its contention that the indication of the plaintiff's salary and Step 4 on the Notice of Appointment was a mistake that was immediately corrected. To the contrary, Williams testified that, prior to meeting with the plaintiff and signing the Notice of Appointment, she had contacted the Office of Civil Service and learned the salary and step at which the plaintiff was being hired, which was $47,211.74, Grade 7A, Step 4. At best, the City's evidence suggests that after the plaintiff was hired at the Step 4 level, some budgeting concern caused the City to seek to readjust the plaintiff's salary to a Step 1 level. The City, however, produced no evidence demonstrating that there was any error in the Notice of Appointment or that there was any lawful change to the plaintiff's salary. Rather, it appears that the City simply reduced the plaintiff's salary to the Step 1 level, even though she was appointed at the Step 4 level. The City failed to demonstrate that it had any lawful basis for unilaterally changing the plaintiff's salary. Since the City failed to make a prima facie showing of entitlement to judgment as a matter of law, the Supreme Court should have denied its motion for summary judgment dismissing the complaint.
Turning to the plaintiff's cross motion, in addition to the evidence described above, the plaintiff also submitted the Report of Personnel Change, addressed to the Municipal Civil Service Commission, which provided further evidence that she was hired at a Step 4 level, and not a Step 1 level. The plaintiff made a prima facie showing that pursuant to the Notice of Appointment, she was hired at a Grade 7A, Step 4 level, and was to be paid an annual starting salary of $47,211.74, but that the City unilaterally reduced her salary and failed to pay the salary required by the Notice of Appointment. The burden then shifted to the City to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact requiring trial of the action. Since the City failed to do so, the Supreme Court should have granted the plaintiff's cross motion for summary judgment on the issue of liability.
In light of our determination, we do not reach the parties' remaining contentions.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court