Stewart Family LLC v Stewart (2020 NY Slip Op 03465)





Stewart Family LLC v Stewart


2020 NY Slip Op 03465


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


11250 156827/18

[*1] Stewart Family LLC, Plaintiff-Appellant-Respondent,
v
Barbara Stewart, Defendant-Respondent-Appellant.
Barbara Stewart, Third-Party Plaintiff-Respondent-Appellant,
v
William P. Stewart, Jr., Third-Party Defendant-Respondent.


Thompson Hine LLP, New York (Richard A. De Palma of counsel), for appellants-respondents.
Marcus & Cinelli, LLP, Williamville (David Marcus of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about August 16, 2019, which denied plaintiff's summary judgment motion and defendant's cross motion for summary judgment, ordered the paintings at issue to be delivered to defendant's residence, denied defendant's motion for fees and expenses pursuant to CPLR 7108, and granted third-party defendant's motion to dismiss the third-party complaint pursuant to CPLR 3211, unanimously modified, on the law, to grant plaintiff's application to keep the paintings at issue in storage at plaintiff's expense pending resolution of this action, and otherwise affirmed, without costs.
This lawsuit is a skirmish in a lengthy battle between family members arising, inter alia, from four trusts set up in 1985 by third-party defendant William Stewart, Jr. (Bill). Bill was married for many years to defendant Barbara Stewart (Barbara). After acrimonious litigation, Bill and Barbara's divorce was finalized in either 2012 or 2014.[FN1]
Bill and Barbara's four children were each named as the beneficiary of one of the four trusts: William Stewart III (known as Tres), Jeffrey Stewart (Jeffrey), Lisa Stewart (Lisa),[FN2] and Gregory Stewart (Gregory). Initially Bill was the sole trustee of the four trusts. While the children were the nominal beneficiaries of the trusts, evidence received in prior proceedings in Surrogate's Court and made part of the record herein demonstrate that the parents have used trust assets to fund their opulent lifestyle. The children apparently enjoyed the partial use of some assets purchased by the trusts, including vacation homes in Bermuda and Maine, and a private jet, but it is unclear from the record on appeal what income, if any, they have derived from the trusts.
The property at issue in this appeal is comprised of four oil paintings purchased, one each, by the four trusts.
Plaintiff Stewart Family LLC (Stewart LLC or plaintiff) was formed as a Delaware Limited Liability Company in 2001. Its members are the four trusts. Initially, the named [*2]managers of Stewart LLC were Bill and Barbara.
In 2003 the trusts conveyed the four paintings to Stewart LLC. The paintings are part of Stewart LLC's holdings, which are comprised of a variety of assets, including the apartment where the paintings were displayed and where Barbara lives for part of the year.
In 2004 Barbara joined Bill as a co-trustee of the four trusts.
In 2005 Gregory petitioned to have Barbara removed as co-trustee of his trust. Tres made a similar application regarding his trust in 2006, and Jeffrey followed suit in 2009. That same year Bill petitioned to have Barbara removed as co-trustee of Lisa's trust. For her part, Barbara sought to remove Bill as co-trustee in 2008. Prior to bringing her removal petition, Barbara applied for the imposition of a constructive trust on the Gregory and Tres trusts. This application was submitted to retired Judge Howard A. Levine, formerly of the New York Court of Appeals, as referee (Referee). The Referee recommended that Barbara's application for a constructive trust be denied, and Surrogate's Court confirmed the Referee's report in a decision dated July 8, 2009. As discussed below, in the instant appeal Barbara relies to a great extent on statements contained in the Referee's report and the Surrogate's Court's decision denying the imposition of a constructive trust.
The removal petitions went forward and were referred to the Referee, who recommended that Barbara be removed as co-trustee. The Referee did not recommend that Bill be removed. Gregory, Jeffrey and Bill all moved to confirm the Referee's report.
On December 6, 2010, Surrogate's Court issued a temporary restraining order (TRO) directing that pending determination of the motions to confirm, "all powers of Barbara Stewart to act as co-trustee of the Trusts are hereby and the same be wholly and summarily suspended."[FN3] Surrogate's Court ultimately upheld the Referee's report removing Barbara as co-trustee in a decision dated December 1, 2011.
Between the issuance of the TRO and the decision confirming the Referee's recommendation to remove Barbara as co-trustee of the trusts, Bill took action to remove Barbara as co-manager of Stewart LLC. On October 11, 2011, the members of Stewart LLC (the four trusts) "met," each embodied in the person of their only active trustee (Bill), to remove a manager (Barbara) pursuant to the LLC's Operating Agreement. On the same day, subsequent to Barbara's removal, the members (again, as represented by Bill), entered into a First Amended and Restated Operating Agreement (Amended Agreement). The Amended Agreement has four signature lines, one for each trust. Each signature line contains Bill's signature. The Amended Agreement contains a page entitled "Stewart Family LLC Member Signature and Power of Attorney Page" in which Bill as "member" (presumably exercising authority as trustee) appoints himself the manager of the Stewart LLC under the Amended Agreement.
As discussed at greater length below, the parties do not include in the record the Stewart LLC operating agreement in force prior to the adoption of the Amended Agreement. As Barbara was purportedly removed as manager prior to the adoption of the Amended Agreement, it would have been the predecessor operating agreement that governed Barbara's removal as manager.
On June 19, 2018, Bill wrote an email to Barbara seeking access to the apartment to allow the retrieval of one of the paintings so that it could be sold as "the trusts are very low on cash." Barbara replied, "Hahaha, you are really funny." After fruitless discussion between the parties' lawyers, Stewart LLC brought this lawsuit to recover the paintings. The complaint's first cause [*3]of action was for replevin. The second cause of action sought an order of seizure.
Plaintiff sought an ex parte order of seizure when it filed its complaint, asserting that Barbara had secreted other trust property in the past, and predicting that she might take action to hide, transfer, or "even destroy the [p]aintings." The court granted the ex parte application. After the order was signed but before the Sheriff executed on it, Barbara moved the paintings out of the apartment. Plaintiff thereupon moved for disclosure concerning the paintings' whereabouts. Before the return date of this motion, plaintiff and Barbara stipulated that the paintings would be stored at Crozier Fine Arts (Crozier) pending further order of the court, at plaintiff's expense.
Barbara answered the complaint, and asserted affirmative defenses. She also asserted a third-party complaint against Bill for indemnity and for contribution.
In February 2019 plaintiff moved for summary judgment and Bill moved to dismiss the third-party complaint. Barbara cross-moved for summary judgment.
In a decision from the bench, Supreme Court denied plaintiff's motion for summary judgment on the ground that Stewart LLC had not demonstrated that it was necessary to sell the paintings for the benefit of the trusts. The court originally granted Barbara's cross motion for summary judgment, but then denied it with leave to renew. Supreme Court dismissed the third-party indemnity claim against Bill, and denied Barbara's application for fees associated with the aborted seizure. Finally, Supreme Court directed that the paintings be returned to Barbara's possession.
Plaintiff moved for a stay of Supreme Court's order pending appeal. This Court granted the stay, directing that the paintings remain at Crozier at plaintiff's expense.
DISCUSSION
To prevail on a claim of replevin, a plaintiff must demonstrate that he or she owns specified property, or is lawfully entitled to possess it, and that the defendant has unlawfully withheld the property from the plaintiff (see Khoury v Khoury, 78 AD3d 903, 904 [2d Dept 2010]; see also Solomon R. Guggenheim Found. v Lubell, 153 AD2d 143, 153 [1st Dept 1990], affd 77 NY2d 311 [1991]). Plaintiff has made out these elements. Stewart LLC's ownership of the paintings is established by the contract by which the paintings were conveyed to it by the trusts. Barbara's refusal to relinquish possession of the paintings is not disputed. Supreme Court erred when it imposed the additional requirement that plaintiff must demonstrate that the trusts' financial circumstances required the sale of the paintings [FN4]. However, on this appeal Barbara also asserts three affirmative defenses to plaintiff's claim for replevin which we must consider.
First, Barbara argues that Surrogate's Court, in denying her claim for a constructive trust in 2009, necessarily found that she had a life estate in trust property. She argues that this purported holding collaterally estops plaintiff from selling the paintings, at least while she is alive. The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). Collateral estoppel comes into play when four conditions are fulfilled: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Alamo v McDaniel, 44 AD3d 149, 153 [1st Dept 2007]).
Barbara elides over the fact that Stewart LLC was not a party to the constructive trust litigation. Even if we assume, without deciding, that Stewart LLC is in privity with the trusts, this defense is without merit. The Referee and the Surrogate found that there was no promise to return trust assets to her that could underpin a claim for a constructive trust. In denying [*4]Barbara's claim for constructive trust, the Referee and the court acknowledged that the trust beneficiaries (i.e. the children of Bill and Barbara) had agreed that their parents could use the trust assets during the parents' lifetimes. However, the Surrogate's reference to this informal agreement does not amount to a holding that Barbara had a "life estate" in the paintings as Barbara argues herein. The Surrogate's holding that there was no promise from the trusts to Barbara regarding the return of trust property to her does not contain a correlative finding that Barbara had an irrevocable right to use trust property until her death. Accordingly, the issue of whether Barbara has a life estate in the paintings was not decided in the constructive trust action. Indeed, in the subsequent proceedings where Barbara was removed as co-trustee Barbara asserted this "life estate" argument and it was rejected by the Referee in his report and in the Surrogate's confirmation of that report.[FN5]
Barbara's second argument is that, as manager of Stewart LLC, she had a power of attorney coupled with an interest that rendered her immune from removal as manager unless she consented to her removal. In support of this proposition she cites the Amended Agreement, which was allegedly adopted after her removal as manager. Stewart LLC's prior operating agreement, which is not in the record, would have governed Barbara's removal. Even assuming that the power of attorney language in the Amended Agreement appeared verbatim in the predecessor operating agreement, the power of attorney relied upon by Barbara is merely to take certain ministerial actions in order to carry out the terms of the operating agreement. This provision does not require her consent to remove her as manager of Stewart LLC.
However, Barbara also argues that the October 11, 2011, "meeting," where Bill was apparently the sole attendee, or, at any rate, the sole attendee exercising any power, was improperly noticed. She again invokes the Amended Agreement, but, again, that document was allegedly adopted after her removal as manager. The operating agreement that was in force prior to the Amended Agreement is the governing document. For his part, Bill also relies on the Amended Agreement to argue that the October 11, 2011 meeting was properly called, and, in addition, that he had the power to act as he did on behalf of the members of Stewart LLC to remove Barbara. The Amended Agreement is not the agreement that governed when Barbara was purportedly removed as manager. Bill does not attach the prior operating agreement and he does not represent that the prior operating agreement was identical to the Amended Agreement with respect to the removal of managers. Therefore, among other questions, we do not know whether the prior operating agreement allowed for removal of a manager for cause without notice. Accordingly, there is an issue of fact as to whether Barbara was properly removed as co-manager of Stewart LLC. If she was not properly removed as manager, then there is a question as to whether Stewart LLC is authorized to bring this lawsuit.
Barbara's remaining arguments are without merit.
Barbara contends that the court should have awarded her attorney's fees she incurred with respect to plaintiff's effort to seize the paintings pursuant to CPLR 7108(a). That statute states in relevant part:
"If an order of seizure granted without notice is not confirmed as required pursuant to [CPLR 7102(d)(4)],[FN6] the plaintiff, unless the court orders otherwise upon good cause shown, shall be liable to the defendant for all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the granting of the order of seizure without notice."
Supreme Court properly denied Barbara fees and expenses under CPLR 7108. Although plaintiff obtained an order of seizure without notice and such order was not confirmed, the reason it was not confirmed is that the parties entered into a so-ordered stipulation as to the location of the paintings pendente lite.
Barbara also contends that the motion court erred by dismissing her third-party complaint, in which she seeks indemnity and contribution from Bill. Supreme Court correctly dismissed the third-party complaint.
"The principle of common-law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 80 [1st Dept 1999]; see also City of New York v Lead Indus. Assn., 222 AD2d 119, 125 [1st Dept 1996] ["It is the independent duty which the wrongdoer owes to prevent the other from becoming vicariously liable, and cast in damages, to the injured party that is the predicate for the indemnity action"]). In the main action plaintiff does not seek any damages from Barbara; plaintiff merely seeks the paintings. Hence, Supreme Court properly dismissed the indemnity claim on the ground that no money damages are at stake.
Furthermore, "an indemnity cause of action can be sustained only if the third-party plaintiff and the third-party defendant have breached a duty to the plaintiff and also if some duty to indemnify exists between them" (Rosado v Proctor & Schwartz, 66 NY2d 21, 24 [1985] [internal quotation marks omitted]; see also Chemical Bank v Stahl, 272 AD2d 1, 19 [1st Dept 2000] ["The gravamen of an action for indemnity is that both parties . . . are subject to a duty to a third person under such circumstances that one of them, as between themselves, should perform it rather than the other" (internal quotation marks omitted)]). Only Barbara may owe a duty to return the paintings to plaintiff; Bill does not.
Barbara's contribution claim also fails. "The basic requirement for contribution . . . is that the culpable parties must be subject to liability for damages for the same personal injury, injury to property or wrongful death" (Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 602-603 [1988] [internal quotation marks omitted]). The main action does not seek damages for injury to property; instead, plaintiff seeks the paintings themselves.
To the extent Barbara suggests that the injury is the depletion of trust assets, she fails to satisfy the "essential requirement" that "the parties must have contributed to the same injury" (id. at 603). Depleting trust assets and failing to transfer paintings are two different injuries (see Miloscia v B.R. Guest Holdings, LLC, 94 AD3d 563, 565 [1st Dept 2012]).
Finally, we find that the status quo is best preserved by the continued storage of the paintings with Crozier, at plaintiff's expense, pending the determination of plaintiff's claim for replevin.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK



Footnotes

Footnote 1:Bill and Barbara provide contradictory dates in the record on appeal.

Footnote 2:Lisa died in 2010.

Footnote 3:The TRO contains contradictory language concerning its duration. A handwritten emendation states that the TRO remains in effect pending the return date of the motion. However, typewritten language stating that the TRO would remain in place pending the "hearing and determination" of the motion was not crossed out. In all events, plaintiff's counsel represents that the court stated on the return date of the motion that the TRO would remain in effect pending the court's decision, and defendant does not contest that representation.

Footnote 4:Barbara does not argue that any document governing the trusts or Stewart LLC requires a showing of financial need before the paintings may be sold.

Footnote 5:Barbara cites to no trust document that confers on her a life estate in the paintings.

Footnote 6: CPLR 7102(d)(4) says, "An order of seizure granted without notice shall provide that the plaintiff shall move for an order confirming the order of seizure on such notice to the defendant and sheriff and within such period, not to exceed five days after seizure, as the court shall direct."