Springfield Group Inc v Olympic Pita of Coney Is. Corp (2024 NY Slip Op 51612(U))

[*1]

Springfield Group Inc v Olympic Pita of Coney Is. Corp

2024 NY Slip Op 51612(U)

Decided on November 24, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 24, 2024
Supreme Court, Kings County

Springfield Group Inc, Plaintiff,

against
Olympic Pita of Coney Island Corp d/b/a OLYMPIA PITA and SHAYE LIEBERMAN, Defendant.

Index No. 515959/2024

Lieberman Law Firm PLLC, Brooklyn (Benjamin J. Lieberman of counsel) for defendant.
Camins & Gronich PLLC, Melville (Kim Bari Gronich of counsel), for plaintiff.

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion: Document Nos. 4-10, 14-18, 20-28.
Upon the foregoing papers, having heard oral argument [FN1]
, due deliberation having been had, an oral decision having been dictated on the record in open court, and the Court being desirous of supplementing its oral decision, the within motion is determined as follows.
The complaint in this action alleged that beginning April 2019 and continuing, at the special instance and request of defendants, plaintiff sold, furnished, and delivered various goods to defendants at [*2]agreed upon prices and reasonable values thereof; that defendants agreed to pay the fair, reasonable and agreed value of said goods, in the amount of $40,201.81; that defendants failed, refused and neglected to make said payment; that plaintiff rendered to defendants an account stated in the sum of $40,201.81; that defendants accepted the account without objection; that no part was paid although duly demanded; and that as a result plaintiff was damaged in the sum of $40,201.81. There are two causes of action, one for breach of contract and one for a stated account. (See NYSCEF Doc No. 6, complaint.)
On July 16, 2024, defendant Olympic Pita of Coney Island Corp ("Olympic") moved to dismiss the complaint pursuant to CPLR 3211 (a) (5), asserting that the action was barred by the doctrine of res judicata, and seeking other and further relief as the Court may deem just and proper.[FN2]
Defendant Olympic argued that the claim against it in this instant action duplicated claims made by plaintiff against Olympic, or claims that could have been raised, in a prior action captioned Springfield Group Inc v Olympic Pita of Coney Island Corp, Kings County Index No. 524312/2018. (See NYSCEF Doc Nos. 4, notice of motion; 5, Benjamin J. Lieberman aff.)
Plaintiff opposed the motion, asserting that the judgment in the action assigned Index No. 524312/2018 was entered on February 27, 2019, which preceded the delivery dates of the goods sold to Defendants; therefore, that action had nothing to do with the subject matter of the instant one. (See NYSCEF Doc Nos. 14, Kim Bari Gronich aff; 15, Sholom Minkowitz aff.)
In reply papers, defendant Olympic in essence agreed that the other action's judgment dealt with different goods. Olympic now added "additional grounds" for its motion. Having now seen the invoices forming the basis for the claims in the instant action, Olympic argued that the goods allegedly sold, furnished, and delivered were delivered to Olympia Pita ("Olympia"), not Olympic Pita. (This decision will underscore Olympia, to distinguish it from the similarly sounding Olympic.) Defendant Olympic maintained that Olympic and Olympia are separate and distinct entitles and that Olympia is not a d/b/a of Olympic. (See NYSCEF Doc No. 20, Benjamin J. Lieberman reply aff.) It was stated
Plaintiff offers no explanation or basis to caption this matter as Olympic d/b/a Olympia. Attached hereto and made a part of as Exhibit "A" is a printout from the NYS Department of State, Division of Corporations showing that OLYMPIC PITA OF CONEY ISLAND CORP. is a corporation formed under the provisions of the Business Corporation Law without any assumed names. Attached hereto and made a part of as Exhibit "B" is a printout from the NYS Department of State, Division of Corporations showing that both OLYMPIA PITA I LLC and OLYMPIA PITA II LLC are limited liability companies formed under the provisions of the Limited Liability Company Law without any assumed names. (Id. ¶ 8.)
Ergo, maintained defendant Olympic, the claims against it should be dismissed for failure to state a cause of action pursuant to CPLR 3211 [a] [7]. Further, if this action was to be construed as being against Olympia, the action should be dismissed because it would duplicate claims by plaintiff against Olympia in an action bearing Index No. 505447/2020, which bore a caption of Springfield Group Inc. v Olympia Pita I LLC and Olympia Pita II LLC. (See NYSCEF Doc No. 20, Benjamin J. Lieberman reply aff.)
In response to the new grounds asserted for dismissal of this action, plaintiff supplemented its opposition. It pointed out that the invoices list both names, Olympic and Olympia:
The Plaintiff's claim is based upon transactions that occurred between Plaintiff and Defendant which were personally guaranteed by Defendant Shaye Lieberman. A review of the involves show[s] that both names, Olympic Pita and Olympia Pita are contained therein. While the [*3]Defendant may not have filed for a legal 'doing business as' name, the defendant held itself out as both Olympic Pita and Olympia Pita while doing business with the Plaintiff. (NYSCEF Doc No. 26, Kim Bari Gronich supp aff ¶ 2.)
Olympic Pita of Coney Island, Olympia Pita I, and Olympia Pita II all list the address of 1419 Coney Island Avenue, in Brooklyn for service of process. Moreover, defendants failed to provide evidence to demonstrate that Olympic Pita occupied the leased premises up until a certain point in time and that Olympia Pita I and/or Olympia Pita II entered into a new lease. No affidavit from a person with first-hand knowledge attested to the claims now being made. Further, Defendants did not address that the instant action also included Shaye Lieberman as an individual defendant; he was not named in the action bearing Index No. 505447/2020. (See NYSCEF Doc No. 26, Kim Bari Gronich supp aff.) 

When a party moves pursuant to CPLR 3211 (a) (7) to dismiss an action, the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action (see Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010]). In deciding the motion, the court must accept the facts as alleged by the plaintiff as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
While a defendant is permitted to submit evidentiary material in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), "[i]f the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). "[A]ffidavits submitted by a defendant 'will almost never warrant dismissal under CPLR 3211 unless they "establish conclusively that [the plaintiff] has no cause of action" ' " (Sokol v Leader, 74 AD3d at 1182, quoting Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]). "Indeed, a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied 'unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it' " (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d at 275).
In the instant motion, defendants have not established conclusively that plaintiff has no cause of action.
Plaintiff submitted a balance statement from it for Shaye Lieberman indicating that the balance was $40,201.81 based on eight invoices with dates (all in 2019) of May 17, 22, 23, and 30, and June 5, 13, 20, and 26 (see NYSCEF Doc No. 16).
The invoices themselves were submitted. They match the details set forth in the balance statement (except for one minor discrepancy — invoice 253692 dated May 30, 2019 is in the amount of $4,901.93 whereas the line entry in the balance statement contains an amount of $5,048.99). The goods reflected over the course of the eight invoices include whole fresh chicken, frozen turkey thighs [FN3]
, medium chicken legs, boneless shoulder minute steak, boneless chuck, whole broilers, bone-in lamb fronts, boneless beef chuck deckle, Solomon's franks, bone-in beef ribs, chicken legs, Solomon's boneless beef chuck, Solomon's whole rib beef, and Birdsboro minute steak. (See NYSCEF Doc No. 17.) Notably these eight invoices all contain the following information (except that the barcodes and invoice numbers are different): image cached at 
https://www.nycourts.gov/reporter/webdocs/SpringfieldGroupIncvOlympicPitaConeyIslandCorp_Invoices.pdf. 
(Id.) Thus, it is evident that that the invoices were issued to Shaye Lieberman and both business names, Olympic Pita and Olympia Pita.
Finally as part of its showing on this motion, plaintiff submitted a personal guarantee from defendant Shaye Lieberman: image cached at 
https://www.nycourts.gov/reporter/webdocs/SpringfieldGroupIncvOlympicPitaConeyIslandCorp_Guaranty.pdf. (NYSCEF Doc No. 18. [signature redacted].)
For breach of contract to be plead,
a plaintiff usually must allege that: (1) a contract exists (see e.g. Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011]); (2) plaintiff performed in accordance with the contract (see e.g. Pope v Terre Haute Car & Mfg. Co., 107 NY 61, 65-66 [1887]); (3) defendant breached its contractual obligations (see Barker v Time Warner Cable, Inc., 83 AD3d 750, 751 [2d Dept 2011] ["In order to state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached"]); and (4) defendant's breach resulted in damages (see Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 805-806 [2014] [compensatory damages]; Kronos, Inc. v AVX Corp., 81 NY2d 90, 95 [1993] [nominal damages]; Milan Music, Inc. v Emmel Communications Booking, Inc., 37 AD3d 206, 206 [1st Dept 2007]). (34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 52 [2022].)
With respect to a cause of action for an account stated,
"An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them" (Citibank [S.D.] N.A. v Cutler, 112 AD3d 573, 573-574 [2013]; see Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 153 [1975]). "An essential element of an account stated is that the parties came to an agreement with respect to the amount due" (Episcopal Health Servs., Inc. v POM Recoveries, Inc., 138 AD3d 917, 919 [2016]; see Toobian v Toobian, 209 AD3d 907, 910 [2022]). (Fortuna Design & Constr., Inc. v 888 Crescent, LLC, 221 AD3d 861, 863 [2d Dept 2023].)
Affording plaintiff a liberal construction of its complaint, accepting the facts as alleged in the complaint as true, and according plaintiff the benefit of every possible favorable inference (see Sarva v Self Help Community Servs., Inc., 73 AD3d 1155 [2d Dept 2010]), this Court finds that the facts as alleged fit within cognizable legal theories alleging causes of action for breach of contract and account stated. Since "Olympic Pita" is printed on every invoice at issue, defendant Olympic Pita of Coney Island Corp failed to demonstrate its entitlement to dismissal pursuant to CPLR 3211 (a) (7) — that the complaint fails to state a cause of action. Moreover, Defendant Shaye Lieberman is listed too on all the invoices, and so too is "Olympia Pita." Additionally, there has been no affidavit by someone with personal knowledge as to the business activities of Olympic attesting that it does not operate under the name of Olympia. The argument that they are not the same business was made by counsel, not by a principal of Olympic.
The action must proceed to the discovery phase wherein plaintiff will be entitled to obtain information as to the operation of defendant Olympic under any and all business names regardless of whether any other names were filed officially as a matter of public record and as to the ordering of foodstuffs which were the subject of the above-described invoices.
As stated above, defendant Olympic acknowledged that the initial ground for dismissing the complaint — res judicata — was no longer viable.
Accordingly, it is hereby ORDERED that the within motion of defendant Olympic Pita of Coney Island Corp to dismiss the complaint under CPLR 3211 upon the asserted grounds of res judicata and a failure to state a cause of action is DENIED. Defendant Olympic Pita of Coney Island Corp shall serve and file its answer no later than 30 days from entry of this order.

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Only defendant Shaye Lieberman answered the complaint.

Footnote 3:The Court assumes that "TGH" is an abbreviation for thigh.